IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL EDWARD THOMAS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ANDREW M. SAUL,<br>*Commissioner of Social Security*,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-1604<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 27th day of September 2021, the Court has considered the parties' motions for summary judgment and will order judgment in the Commissioner of Social Security's ("Commissioner") favor, except as to the Commissioner's request that costs be taxed against Plaintiff.¹  The Commissioner's decision, denying Plaintiff's application for supplemental security income ("SSI") under title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence and shall be affirmed.  42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).²

---

¹　　The Commissioner moved the Court to enter summary judgment in its favor and to tax costs against Plaintiff.  (Doc. No. 17, pg. 2).  However, the Commissioner did not advance an argument to support the latter request in its accompanying brief.  Accordingly, the Court will deny that aspect of the Commissioner's motion.  *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions are not enough" to raise an issue to the Court).

²　　Plaintiff, Daniel Edward Thomas, challenges the Commissioner's decision that he is not disabled.  The Commissioner's final decision in this matter is the decision authored by Administrative Law Judge ("ALJ") Raymond Prybylski.  20 C.F.R. § 416.1481.  Plaintiff argues that the ALJ's finding of his residual functional capacity ("RFC") is contrary to the evidence and further argues that the ALJ erred as a matter of law when he decided Plaintiff's claim without strictly relying on the Medical-Vocational Guidelines at 20 C.F.R. § 404, Subpt. P, App. 2 (*i.e.*,

1

the "grids"). For the reasons specified below, the Court is not persuaded of the necessity of remand and will order summary judgment in the Commissioner's favor.

To decide whether claimants, like Plaintiff, are "disabled" under the Act, ALJs employ a "five-step sequential evaluation process." 20 C.F.R. § 416.920(a)(1). The five steps are essentially a progression through five questions: (1) Is the claimant engaged in substantial gainful activity? (2) Does the claimant suffer from at least one "medically determinable . . . impairment" that, on its own or combined with others, is severe and will lead to death or has lasted/will last for at least twelve months? (3) Are any of the claimant's impairments so severe that they meet or equal criteria for the Commissioner's list of presumptively disabling impairments? (4) With the claimant's impairments and resultant limitations, what is his remaining work ability, and would it permit a return to past work? (5) Finally, even if the claimant could not return to past work, would his remaining work ability (RFC), age, education, and work experience permit adjustment to other appropriate work? *Id.* § 416.920(a)(4)(i)—(v). A "yes" at steps one, four, or five ends the inquiry with a finding of "not disabled;" a "yes" at step three ends the inquiry with a finding of "disabled;" and a "no" at step two ends the inquiry with a finding of "not disabled." *See id.*

When an ALJ formulates a claimant's RFC at step four, he considers all the relevant evidence in the record. *Id.* § 416.920(e). The ALJ's decision should reflect his consideration of the evidence such that the decision provides a "clear and satisfactory explication of the basis on which [the decision] rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Therein, the ALJ's "ultimate findings" should be supported by an explanation of "subsidiary findings." *Id.* at 705 (citing *Hargenrader v. Califano*, 575 F.2d 434, 438 (3d Cir. 1978)). An adequate explanation of findings enables reviewing courts to determine whether such findings are supported by substantial evidence, which is their charge pursuant to 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d 552 (citation omitted). That is the standard for both "basic evidentiary facts" and "inferences of which such [basic evidentiary] facts are reasonably susceptible." *Maloney v. Celebrezze*, 337 F.2d 231, 233 (3d Cir. 1964). An ALJ's reasonable inference from the evidence is secure because ALJs are not merely recorders of overt facts, but rather, fact finders. *See id.* at 233.

In this matter, the ALJ considered Plaintiff's application for SSI benefits after Plaintiff effectively withdrew his application for disability insurance benefits. (R. 16, 23). At steps one and two of the five-step evaluation, the ALJ found Plaintiff had not performed substantial gainful activity since his application date, March 13, 2018, and that he suffered from nine severe medically determinable impairments: obesity, left ankle fracture, hypertension, alcohol abuse disorder, palpitations, grade I diastolic dysfunction, seizure, syncope, and orthostatic hypotension. (R. 18). At step three, the ALJ determined that Plaintiff's impairments were not "equivalent in severity to the criteria of any listed impairment, individually or in combination." (R. 19). Thus, the ALJ set out to determine Plaintiff's RFC.

Toward the RFC determination, the ALJ considered Plaintiff's testimony and medical history, as well as the medical opinion and prior administrative medical finding evidence. (R.

19—21). From that evidence, he found Plaintiff was capable of medium work with limitations. (R. 19). The limitations imposed by the ALJ were that Plaintiff could never climb ladders, ropes, or scaffolds; never balance; only occasionally crouch; never crawl; was to totally avoid workplace hazards including unprotected heights and machinery; and could never operate a motor vehicle. (R. 19). He further specified that Plaintiff would require five percent time off task in addition to regularly scheduled breaks. (R. 19). With that RFC, the ALJ found Plaintiff could not return to past work but could adjust to other occupations that boasted a significant number of jobs in the national economy. (R. 22—23). Therefore, he found Plaintiff not disabled. (R. 23).

Plaintiff argues the evidence does not support the ALJ's inclusion of medium work in the RFC. He further argues that the evidence shows he cannot even perform light work. Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," and further implies the ability to do sedentary and light work. 20 C.F.R. § 416.967(c). "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983). It also "usually requires frequent bending-stooping." *Id.*

In support of the medium work RFC determination, the ALJ explained his consideration of the evidence. First, the ALJ considered Plaintiff's testimony concerning his fractured ankle and seizures. (R. 19). Plaintiff indicated that these impairments significantly limited his ability to walk, stand, and lift, but the ALJ found that the objective medical evidence did not corroborate Plaintiff's alleged symptom intensity. (R. 20). Plaintiff's January 2018 ankle injury was addressed surgically and, after several months of rehabilitation, imaging "showed healing and the claimant was ambulating without difficulty." (R. 20). By July 2018, Plaintiff's gait was observed to be "within normal limits." (R. 20). The ALJ considered Plaintiff's history of seizures, which Plaintiff indicated occurred "a couple of times per month." (R. 20). While the ALJ acknowledged that MRI and EEG results showed "evidence of some white matter abnormalities" and "borderline cortical irritability," Plaintiff's CT scans were "within normal limits." (R. 20). The ALJ also acknowledged that Plaintiff took Keppra—an anticonvulsant medication—and was advised to hydrate and reduce alcohol consumption. (R. 20). The ALJ further considered Plaintiff's history of syncope (fainting). (R. 20).

Moving to the medical opinion and prior administrative medical finding evidence, the ALJ found support for a medium work RFC determination. In June 2018, State agency medical expert Dr. Margel Guie considered Plaintiff's medical records and opined that he could meet the lifting, carrying, standing, walking, and sitting requirements for medium work. (R. 21). She further opined that Plaintiff could frequently climb, balance, stoop, kneel, crouch and crawl, but should avoid certain environmental hazards. (R. 21). The ALJ found Dr. Guie's opinion to be consistent with Plaintiff's medical records and, therefore, persuasive. (R. 21). The ALJ also found persuasive the findings of consultative examiner Dr. Trafican who opined that Plaintiff did not demonstrate non-exertional limitations. (R. 21).

The ALJ's explanation of the evidence that supported his medium work RFC determination is such evidence as would satisfy a reasonable mind, *i.e.*, substantial evidence. *Rutherford*, 399 F.3d 552. Plaintiff argues that evidence of his seizures and syncope demonstrate he cannot maintain employment where the vocational expert ("VE") testified that losing consciousness and falling on the job three times in a year would be work preclusive. (R. 67). However, the ALJ specifically considered evidence of Plaintiff seizures and syncope, reconciling Plaintiff's complaints with the objective medical evidence and medical opinion evidence. In view of the evidence, the ALJ prohibited Plaintiff from balancing, exposure to hazards, and occupational driving. (R. 19). Where the ALJ carefully combed through the evidence and thoughtfully articulated Plaintiff's established limitations, the Court will not engage in a reweighing of that evidence. *See Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) (citing *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir.1992)). Further, the ALJ did not base the RFC finding upon mere speculation where Dr. Guie's opinion supported that finding. *Cf. Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981) (faulting the ALJ for finding the claimant did not suffer from disabling pain though "all evidence as to disabling pain [was] favorable to the plaintiff").

Plaintiff also argues that the ALJ's RFC determination is deficient because he did not make a finding as to whether Plaintiff could frequently stoop. As noted above, medium work usually requires frequent stooping. SSR 83-10, 1983 WL 31251, at *6. The Court notes that Dr. Guie's opinion—which the ALJ found persuasive—was that Plaintiff could frequently stoop. (R. 21 (citing Ex. 1A)). But assuming for the moment that the ALJ erred in failing to specify Plaintiff's stooping ability in the RFC, the rest of the decision makes it clear that any such error had no effect on the outcome of the case. At step five of the five-step evaluation, the ALJ found that Plaintiff could work as a sandwich maker. (R. 23). Sandwich making is an unskilled, medium exertion occupation for which there are approximately 54,000 jobs in the national economy. (R. 23). Sandwich making does not require any stooping, nor does it require balancing or crouching. Sandwich Maker, DOT 317.664-010, 1991 WL 672749. Accordingly, the Court is assured that the ALJ would have arrived at the same disability determination with or without further consideration of Plaintiff's ability to stoop. The alleged error is therefore a harmless one. *See Pack v. Comm'r of Soc. Sec.*, No. CV 20-1128, 2021 WL 3682151, at *2 n.2 (W.D. Pa. Aug. 19, 2021). To the extent Plaintiff also argues his inability to balance conflicts with the RFC determination, the same conclusion applies—balancing is unnecessary for sandwich making. Sandwich Maker, DOT 317.664-010.

The Court's determination that the ALJ made no meaningful error in formulating Plaintiff's RFC resolves the question of whether Plaintiff erred as a matter of law with respect to his engagement with the grids. The grids "are a matrix combining various permutations of the four essential factors [RFC, age, education, and work experience]" of the step-five determination. *Podedworny v. Harris*, 745 F.2d 210, 216 (3d Cir. 1984). ALJs can sometimes arrive at the ultimate finding of "disabled" or "not disabled" by plugging their findings as to a

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED in part and DENIED in part, as specified above.

/s Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of Record

---

claimant's four essential factors into the grids.  *Santise v. Schweiker*, 676 F.2d 925, 928 (3d Cir. 1982).

A claimant who, like Plaintiff, is closely approaching advanced age, has a high school education, and does not have transferable job skills, would be found disabled pursuant to the grids if he was only capable of sedentary work.  20 C.F.R. § 404, Subpt. P, App. 2, § 201.12.  However, here the ALJ justifiably found Plaintiff was capable of a reduced range of medium work.  Because Plaintiff's "characteristics [did] not fit neatly into one of the many categories defined by the tables," it was appropriate for the ALJ to determine Plaintiff's disability without plugging his RFC, age, education, and work experience into the grids.  *Santise*, 676 F.2d at 928, 928 n.10 (citations omitted).  In such cases, the grids are a "frame of reference."  *Id.*  The ALJ appropriately engaged them as such in the decision at hand where he acknowledged that Plaintiff's RFC of medium work "impeded by additional limitations" did not permit strict application of the grids and worked with the VE to determine whether Plaintiff could find appropriate alternative work.  (R. 22—23).  Thus, there was no error of law.  For this and the foregoing reasons, the Court will affirm the ALJ's decision.